RAFAEL and ENRIQUE BROWN, Plaintiffs and Appellants, *v.* HERMÓGENES P. VARGAS and his wife, RITA NIDAL, Defendants and Appellees.

No. 4040. Argued February 8, 1927.—Decided April 7, 1927.

*J. Martínez Dávila* and *L. Freyre Barbosa* for the appellants. *Carmelo Honoré* and *P. Amado Rivera* for the appellees.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

The plaintiffs, the owners of a property abutting on another property belonging to the defendants, brought this action to recover a certain piece of land on which the defendants had built a concrete wall, and at the same time prayed for the demolition of the work. It was also alleged in the complaint that the defendants had made three openings for light and view of 1.65 m. high by 0.87 m. wide in the wall so built and at the height of one meter.

In the course of the trial the plaintiffs withdrew the action of revendication and filed a supplementary complaint alleging that subsequently to the filing of the original complaint the defendants had closed with lumber the openings in the wall in question.

The trial court, after making reference in its opinion to the confused manner of establishing an action of denial of servitude of light and view within the action of revendication, and having mentioned the ocular inspection made by it of the wall, says:

"As may be seen, it appears that there are no such lights and views but the openings which have been hermetically walled up and closed with lumber shutting out all view.

"The plaintiffs contend that they should be closed with concrete because the wall is built of concrete. However, we have been unable to find in that regard definite jurisprudence to justify and establish such contention, and, therefore, the complaint is dismissed without special imposition of costs."

The matter for decision was reduced as to whether the openings in the concrete wall should have been closed with the same material of the wall, or whether it was sufficient to have done it with lumber. The appellants insist on the former, but they do not cite any authorities thereon nor have we been convinced by their light argument. Though the longer duration of concrete is well known, it is also admitted that the wooden material used in building from time immemorial can not be said to have fallen into disuse on account of the modern concrete structures. On the contrary, in these structures wood is always used for doors, windows, etc., which are the means of closing them. As the openings in the wall have been hermetically closed with wood, the law has been complied with for the present. If in the course of time, a factor which in the long run destroys everything, the wood has done its work and is destroyed or taken out of the openings, the rights of the plaintiffs or of their successors subsist and they can have it enforced at any time. Meanwhile, as wooden structures are not prohibited, the defendants are complying with the law.

The judgment appealed from must be affirmed.